# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

THEODORE SCOTT MITCHELL BEY,

        Plaintiff,

   v.

CITY OF DELAWARE, OHIO, et al.,

        Defendants.

Case No. 2:19-cv-3582
Judge Michael H. Watson
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Theodore Scott Mitchell Bey is an Ohio resident who is proceeding *pro se* against the City of Delaware, Ohio, Tom Homan, Jackie Walker, Lory Johnson, Cindy Dinovo, Carol O'Brien, Amelia Bean-DeFlumer. (Doc. 1-1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

## I.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (citing

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff does not bring an intelligible legal claim in his Complaint. Instead, he alleges that he "is a citizen of the State of Moorish National Republic Federal Government" and that he is "Theodore Scott Mitchell Bey, In Propria Persona, Sui Juris, In Proprio Solo, In Proprio Heredes at all times and all points in time. No UNITED STATES SERVICE CORPORATION CITIZEN has Personam Jurisdiction over the Aboriginal Indigenous Sovereign Moorish American Nationals." (Doc. 1-1 at 4, 6). Relying in part on the 1787 Treaty of Peace and Friendship between the United States and Morocco, he requests $50 trillion in relief from the Defendants. (*Id.*).

These types of allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Consequently, because Plaintiff's Complaint is premised on irrational allegations, the undersigned finds Plaintiff has failed to state a plausible claim for relief and it is recommended that this action be dismissed as frivolous. *See Flores*, 2014 WL 358460, at *3; *see also People of Ta'Al Amooruc Republic v. All Foreign Agents & Agencies of United States Corp. Co.*, No. 3:18-CV-01208, 2018 WL 5983002, at *4 (M.D. Tenn. Nov. 14, 2018) (collecting cases finding that claims that state and federal authorities have no jurisdiction over Moorish Americans are frivolous); *Salaam El v. City of Dearborn*, No. 09-12136, 2010 WL 582773, at *8 (E.D. Mich. Feb. 18, 2010) ("Plaintiff's complaint appears to be premised on his assertion that he is beyond the reach of ordinary state court jurisdiction because of his Moorish status. The undersigned is unable to find any legitimate legal claims in plaintiff's complaint and his complaint contains no request for relief. The undersigned suggests that plaintiff's complaint is frivolous and, in the alternative, should be dismissed on this basis.").

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint as frivolous.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is

3

made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: August 20, 2019              /s/Kimberly A. Jolson
                                   KIMBERLY A. JOLSON
                                   UNITED STATES MAGISTRATE JUDGE